Williams, J.,
 

 dissenting. The question presented is not whether power may be reposed in or taken away from the county auditor by the Legislature but whether taking away the auditor’s authority to proceed further upon presentation of the certificate of immunity is unconstitutional. The constitutionality of an act is to be judged by its effect rather than its form.
 

 The immunity provision of Section 5398, General Code, divides personal property taxpayers into two classes — those who have been honest and careful enough to make full returns and comply with the laws relating to taxation and those who have not made full returns and have thus dishonestly or heedlessly evaded taxation — and allows retention of taxes of those who have complied with legal requirements while’ in effect it releases those who have not. When we hold that such an enactment is not class legislation denying the equal protection of the law, we open the door to legislative discrimination against law-abiding taxpayers in favor of taxpayers who fail to make full and complete returns and thereby evade just taxation. Such discrimination is a violation of the guaranty contained in the equal protection clause of the organic law.
 

 There are other grounds upon which the constitutionality of that provision could be challenged but the ground stated is all-sufficient.
 

 
 *61
 
 Since the cause involves returns of deceased made during his lifetime, the right to a certificate of immunity pursuant to Section 5398-1, General Code, in order to avoid criminal prosecution is not involved.
 

 Weygandt, O. J., concurs in the foregoing dissenting opinion.